IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTOINETTE MACIOLEK,** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| **SUSAN L. MACIOLEK, Executrix of the** | : | |
| **Estate of Stephen Maciolek, and Individually,** | : | |
| **and RELIASTAR LIFE INSURANCE CO.** | : | |
| **OF NEW YORK** | : | |
| Defendants | : | NO. 07-2510 |

**M E M O R A N D U M**

P<small>RATTER</small>, J.                                                                                                          J<small>ANUARY</small> 15, 2008

Plaintiff Antoinette Maciolek filed a three-count complaint in the Court of Common Pleas of Montgomery County, Pennsylvania, seeking the proceeds of a life insurance policy (the "policy") procured by Stephen J. Maciolek, Ms. Maciolek's deceased former husband. Ms. Maciolek was the named beneficiary of the policy. Defendant ReliaStar Life Insurance Company ("ReliaStar") (the successor-in-interest to the company that issued the policy) removed this action to federal court.[1] Plaintiff has moved to remand the case to state court, and ReliaStar

---

[1] A review of the docket in this case indicates that defendant Susan Maciolek, individually and as Executrix of the Estate of Stephen J. Maciolek, did not join in ReliaStar's notice of removal, or otherwise formally consent to removal of this case from state court. Consent to removal must be communicated to the district court within 30 days after service of process has been effected. 28 U.S.C. § 1446(b); see Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985) ("Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition."). However, neither Antoinette nor Susan raised an objection as to this defect. Presumably, Susan, the non-consenting defendant, does not object to removal given that she has been silent on the issue and, additionally, filed an Answer here in federal court shortly after the case was removed. Antoinette's motion to remand does not argue that remand is appropriate on the basis of Susan's failure to join in the removal.

The removal statute, 28 U.S.C. § 1447, provides that a motion to remand the case "on the basis of any defect other than lack of subject matter jurisdiction," must be filed within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). By not raising this issue within 30 days, both Antoinette and Susan effectively waived any potential objection. See Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 613 (3d Cir. 2003) (stating that § 1447(c) "is clear that, if

opposes the motion. For the reasons discussed below, the motion to remand will be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

Stephen and Antoinette married in 1972. In 1986, Stephen purchased a life insurance policy from ReliaStar's predecessor-in-interest, and named Antoinette as the beneficiary.

In December 1992, six years after Stephen procured the insurance policy, the Pennsylvania legislature enacted 20 Pa. Cons. Stat. Ann. § 6111.2, which, as amended, provides:

> If a person domiciled in this Commonwealth at the time of his death is divorced from the bonds of matrimony after designating his spouse as beneficiary of a life insurance policy, annuity contract, pension or profit-sharing plan or other contractual arrangement providing for payments to his spouse, any designation in favor of his former spouse which was revocable by him after the divorce shall become ineffective for all purposes and shall be construed as if such former spouse had predeceased him unless it appears from the wording of the designation, a court order or a written contract between the person and such former spouse that the designation was intended to survive the divorce. Unless restrained by court order, no insurance company, pension or profit-sharing plan trustee or other obligor shall be liable for making payments to a former spouse which would have been proper in the absence of this section. Any former spouse to whom payment is made shall be answerable to anyone prejudiced by the payment.

20 Pa. Con. Stat. Ann. § 6111.2.

Stephen and Antoinette were divorced in 1998. Stephen subsequently married Susan Maciolek. Stephen died in 2005, and Susan is the Executrix of his Estate. Relying on 20 Pa. Con. Stat. Ann. § 6111.2, ReliaStar refused to recognize Antoinette – the "former spouse" – as

---

based on a defect other than jurisdiction, remand may only be effected by a timely motion," i.e., one filed within 30 days after the filing of the notice of removal).
  However, Section 1447(c) further provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Antoinette filed the instant motion to remand, challenging the Court's subject matter jurisdiction, more than four months after ReliaStar removed this action from state court. Because the issue of the Court's subject matter jurisdiction may be raised "any time before final judgment," Plaintiff's motion is timely.

the beneficiary of the policy. Instead, ReliaStar paid the proceeds under Stephen's life insurance policy to Susan Maciolek and to Stephen's Estate.

In May 2007, Antoinette initiated this action in state court alleging three state-law causes of action: breach of contract against ReliaStar (count one), and unjust enrichment against the Estate of Stephen J. Maciolek and Susan Maciolek (counts two and three, respectively). In her Complaint, Antoinette seeks application of the Pennsylvania Supreme Court's decision in Parsonese v. Midland Nat'l Ins. Co., 706 A.2d 814, 819 (1998), in which the court held that § 6111.2, if applied retroactively, would violate the Contracts Clause of the U.S. and Pennsylvania constitutions.[2] The Pennsylvania Supreme Court held that the appropriate remedy is to refuse to apply § 6111.2 retroactively, i.e., the statute shall not apply to policies issued prior to the enactment of § 6111.2. Id. Thus, the court limited § 6111.2 to prospective application. Id.

Antoinette's Complaint cites Parsonese (Compl. ¶ 24), and alleges that, under Parsonese, because § 6111.2 may not be applied retroactively, as the named beneficiary of the policy, she is

---

[2] In Parsonese, Ms. Parsonese was the policyholder's former wife. Parsonese, 706 A.2d at 815. After the policyholder's death, Ms. Parsonese sued to recover the proceeds under her former husband's life insurance policy, in which she was named as the primary beneficiary. In Parsonese, as in this case, the insurance policy was executed prior to the enactment of § 6111.2. Specifically, the policyholder was issued the initial policy in 1988 and, in August 1992, four months before § 6111.2 was enacted in December 1992, the policyholder changed his previous beneficiary designations, naming Ms. Parsonese as the primary beneficiary and his three children as contingent beneficiaries. Id.
  In 1993, after § 6111.2 was enacted, the policyholder executed a will in which he left nothing to Ms. Parsonese. Contemplating divorce, the policyholder and Ms. Parsonese executed a marital agreement. A divorce decree incorporating the marital agreement was entered thereafter. Id. The policyholder died in May 1994. Id.
  The Pennsylvania Supreme Court addressed two issues: (1) whether § 6111.2 mandates that the life insurance proceeds be paid to the policyholder's children rather than to Ms. Parsonese; and (2) whether § 6111.2 is unconstitutional as applied because it would require retroactive application of a statute enacted in December 1992 to a contract executed in August 1992. Id. at 815, 819.

entitled to insurance proceeds under the policy (Compl. ¶¶ 30, 35).

ReliaStar timely removed the action to federal court on the stated basis of federal subject matter jurisdiction.[3]  In its Notice of Removal, ReliaStar cited the allegation in Plaintiff's Complaint that "the Pennsylvania Supreme Court, in [Parsonese], held that section 6111.2, when applied retroactively violates the contracts clause of the state and federal constitutions." (Compl. ¶24.)  Based solely on this allegation, ReliaStar stated that "the Complaint, on its face, is founded on a claim or right arising under the laws of the United States." (Notice of Removal ¶¶ 4-5.) Plaintiff contests the propriety of ReliaStar's removal, arguing that the Court lacks federal question jurisdiction over this matter.

**LEGAL STANDARDS**

Federal courts are courts of limited jurisdiction.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  A federal court may exercise subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  A case "aris[es] under" federal law within the meaning of § 1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Empire Healthchoice Assurance, Inc. v. McVeigh, 126 S. Ct. 2121, 2131 (2006) (emphasis added) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).

The Supreme Court has long recognized that in certain cases federal question jurisdiction will lie over state-law claims that "implicate significant federal issues" or "turn on substantial

---

[3] The citizenship of the parties in this action is not diverse, so jurisdiction under 28 U.S.C. § 1332 does not lie.  Therefore, the only potential jurisdictional basis is federal question jurisdiction under § 1331.

questions of federal law." Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005) (citing Hopkins v. Walker, 244 U.S. 486, 490-91 (1917)). This "slim category" of cases, Empire, 126 S. Ct. at 2137, reflects the "commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues," Grable, 545 U.S. at 312.

However, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrel Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813 (1986). To determine whether a state law claim "arises under" federal law for purposes of subject matter jurisdiction, the Court must inquire whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314. Thus, even if a complaint raises a disputed and substantial federal issue, the exercise of jurisdiction must be "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." Id. at 313.

Defendants, as the removing parties, bear the burden of proving that removal is proper. Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 359 (3d Cir. 1995). All doubts concerning the propriety of removal are to be resolved in favor of remand. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

**DISCUSSION**

Plaintiff's Complaint here does not explicitly allege any cause of action "arising under"

federal laws or the U.S. Constitution. It does not specifically invoke any federal cause of action, nor does it explicitly challenge the constitutionality of a statute. Instead, Plaintiff's Complaint asserts state-law claims for breach of contract and unjust enrichment. Plaintiff argues that removal is improper because ReliaStar's assertion of jurisdiction is erroneously based on its inaccurate characterization of Plaintiff's claim as an effort to declare a state statute unconstitutional.

Specifically, ReliaStar argues that removal of this action was proper because Antoinette's claims implicate substantial federal issues in that "liability turn[s] on a federal question: construction of the United States Constitution." (Def. Mem. Opp'n 1.) Thus, ReliaStar's argument is based entirely on its interpretation of Grable and is progeny.[4]

ReliaStar aptly acknowledges that the "typical" federal question case will include an expressly-pleaded federal cause of action. However, the insurer argues that if a complaint does not allege a federal claim, then a district court may look for guidance from the Grable line of cases to determine whether state-law claims "nonetheless turn on substantial questions of federal law" or "implicate substantial federal issues." 545 U.S. at 312. If not, federal question jurisdiction does not exist, and a defendant's removal under these circumstances would be improper.

Under Grable, the Court initially must inquire whether the plaintiff's state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial," Grable, 545 U.S. at 314, which is essential to the adjudication of the claim, id. at 313. In its opposition papers,

---

[4] ReliaStar correctly notes that Plaintiff's motion to remand does not discuss Grable. Indeed, Plaintiff has not challenged ReliaStar's argument that Grable is controlling here.

ReliaStar immediately proceeds to argue that the "federal issue" is both disputed and substantial, without addressing the gatekeeper issue of whether it is "necessary" to the resolution of Plaintiff's claims.  By looking critically at the dispute here, it becomes an inescapable conclusion that resolution of "the federal question, whether application of § 6111.2 to the facts of this case violates the federal constitution" (Def. Mem. Opp'n 7), is not essential to the adjudication of Antoinette Maciolek's claims.  In other words, Antoinette's right to relief does not "turn on" the construction or application of federal law, see Grable, 545 U.S. at 312-13 (citing Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921), because her claims can be decided on the basis of state law alone.

This Complaint seeks to enforce the terms of the 1986 insurance policy, which, Antoinette alleges, named her as the beneficiary.  That policy was executed prior to the enactment of § 6111.2 in December 1992.  In 1998, after § 6111.2 was enacted, but before the Macioleks divorced, the Pennsylvania Supreme Court decided Parsonese.  The court held that § 6111.2, when applied retroactively, violates both the Pennsylvania Constitution and the U.S. Constitution.  In 2005, seven years after the Pennsylvania Supreme Court decided Parsonese, ReliaStar retroactively applied § 6111.2 to Antoinette's detriment, and refused to pay the proceeds under the life insurance policy to her.

It is essential for the purposes of Antoinette's motion that the Parsonese court found that retroactive application of § 6111.2 would violate both the Pennsylvania Constitution and the U.S. Constitution.  Thus, for practical purposes, a "former spouse" such as Antoinette seeking to enforce an insurance policy after Parsonese can succeed under the theory that retroactive application of § 6111.2 violates the Pennsylvania constitution or the U.S. Constitution.  To be

7

more clear, a plaintiff need <u>not</u> prove a violation of <u>both</u> constitutions in order to prevail; a right to relief could be based on a violation of <u>either</u> constitution.  This is important because the <u>Parsonese</u> holding with respect to the construction and interpretation of the Pennsylvania Constitution is binding on this Court.[5]

If Antoinette can adduce evidence to support the allegations in her Complaint, she could prevail under the theory that ReliaStar may not retroactively apply § 6111.2 in violation of the Pennsylvania Constitution, and must, therefore, honor the insurance policy in her favor.  Thus, resolution of Antoinette's claim could "turn on" construction of the Pennsylvania Constitution alone.  In other words, even if this Court were to assume jurisdiction over this dispute in order to consider the "federal issue," the Court could not disturb the <u>Parsonese</u> court's holding on the state constitutional issue.  Because Antoinette could be entitled to relief on the basis of state constitutional law alone, the Court would not need to reach the "federal issue," thus rendering determination of the "federal issue" <u>unnecessary</u> to the adjudication of plaintiff's claims.  Therefore, ReliaStar's <u>Grable</u> argument is not persuasive.

**CONCLUSION**

Because resolution of the claims alleged in the Complaint does not "turn on substantial

---

[5] The highest state court is the final authority on state law.  <u>Fidelity Union Trust Co. v. Field</u>, 311 U.S. 169, 177 (1940) (<u>citing</u> <u>Beals v. Hale</u>, 45 U.S. (4 How.) 37, 54 (1846); <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938)).  For matters of state law, such as interpretations of the Pennsylvania Constitution, the opinions of the Supreme Court of Pennsylvania are binding on this Court.  <u>See</u> <u>Home Indem. Co. v. Alexander & Alexander, Inc.</u>, No. 89-7715, 1990 U.S. Dist. LEXIS 15675, at *6 (E.D. Pa. Nov. 21, 1990) ("When a federal court is deciding matters of state law, the decisions of the state's highest court, in this instance the Supreme Court of Pennsylvania, constitute the highest source."); <u>Nationwide Mut. Ins. Co. v. Murphy</u>, Nos. 98-1692, 98-1884, 1999 U.S. Dist. LEXIS 1329, at *5 (E.D. Pa. Feb 3, 1999) ("On matters relating to the Pennsylvania constitution, thus, [a federal district court] must defer to the Pennsylvania Supreme Court.").

questions of federal law," Plaintiff's motion will be granted, and this matter will be remanded to the Court of Common Pleas of Montgomery County, Pennsylvania.

An Order consistent with this Memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTOINETTE MACIOLEK,** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| **SUSAN L. MACIOLEK, Executrix of the** | : | |
| **Estate of Stephen Maciolek, and Individually,** | : | |
| **and RELIASTAR LIFE INSURANCE CO.** | : | |
| **OF NEW YORK** | : | |
| Defendants | : | NO. 07-2510 |

**O R D E R**

**AND NOW**, this 15th day of January, 2008, upon consideration of Plaintiff's Motion to Remand (Docket No. 13), and Defendant ReliaStar Life Insurance Company's Memorandum of Law in Opposition to Plaintiff's Motion (Docket No. 14), **IT IS ORDERED** that:

1. Plaintiff's Motion (Docket No. 13) is **GRANTED**.

2. This action is **REMANDED** to the Court of Common Pleas of Montgomery County, Pennsylvania.

3. The Clerk of Court shall **CLOSE** this case for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge